Davis, J.,
delivered the opinion of the court:
Claimant was appointed judge of the District of Alaska, took the oath of office, and entered upon Lis duties$ later he was suspended by the President, and another person was designated to perform the duties of the office, who in his turn, and before the meeting of the Senate, was also suspended, and a third x>er-son was designated, who in due course was confirmed and commissioned in claimant’s inace. The political status of Alaska ■is peculiar in its nature, the District being without alegislature or government other than that i>rescribed in the act axipearing on the 24th page of the 23d volume of the Statutes at Large.
We have already decided (Howard's Case, ante, p. —) that a judge of a Territorial court is n.ot a judge of a United States-court within the meaning of the third article of the Constitution, but is a civil officer, whose office exists by virtue of the constitutional provision empowering Congress “to make all needful rules and regulations respecting the territory” belonging to the United States ; and therefore the incumbent of the office is subject to the will of the National Legislature, and his tenure and pay are governed by statute law as it may exist or be amended.
The district judge of Alaska has no different legal rights than has a judge of a Territory. Alaska is called a “ District ” and Arizona a “Territory,” but over both have the Congress jurisdiction by virtue of the same constitutional provision. The peculiar circumstances which exist as to Alaska, required legislation for its government somewhat different from that provided *325 for the Territories, hut nothing is found in the organic act tending to show on the part of Congress an intention or a desire to give the judge to be there appointed any rights superior to those possessed by other judges holding office by virtue of statues authorized by section 3 of the fourth article of the Constitution. The act creates'a civil and judicial district ; it creates a district court, having the civil and criminal j urisdiction of district courts of the United States, exercising the j urisdiction of circuit courts, and having also such other jurisdiction not inconsistent with the act as may be established by law. The judge was to be appointed for the term of four years, “ and until his successor is appointed and qualified.”
' The jurisdiction of district courts in Washington Territory was the same as that vested in the circuit and district courts of the United States (10 Stat. L., 176); in New Mexico “ the Constitution and all laws of the United States which are not locally inapplicable have the same force and effect as elsewhere in the United.States” (9 Stat. L., 452), and the district courts in the Territory have the same jurisdiction in cases arising under the Constitution and laws of the United States as is vested in the circuit and district courts of the United, States (ibid., 450). The same jurisdiction was given the courts of Utah (ibid., 456), of Colorado (12 Stat. L., 175), Dakota (ibid., 242), Idaho (ibid., 812), Montana (13 Stat. L., 89), and Wyoming (15 Stat. L., 181). The tenure of the judges in the Territories is fixed “ at four years and until their successors are appointed and qualified” (Rev. Stat., § 1864), being the same as that of the judge in Alaska.
It will be seen that in so far as judicial power is concerned, the provisions of the organicact relating to theDistrictof Alaska do notvary in principle from the laws of the United States governing the Territories.
The case must follow the decision in that of Howard, and the petition is dismissed.